■ ALVIN DOYLE et al., Appellants, v METROPOLITAN INSURANCE AND ANNUITY COMPANY et al., Respondents. [829 NYS2d 2]—

Order, Supreme Court, New York County (Faviola A. Soto, J.), entered August 10, 2005, which, in an action by plaintiff tenants against their landlord and the latter's predecessors (collectively defendant) to recover past charges for intercom service going back to 1974, and to enjoin defendant's future collection of such charges, granted defendant's motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint, and denied plaintiffs' cross motion for summary judgment, unanimously affirmed, without costs.

The subject intercom system was installed in the parties' buildings in 1969 in compliance with Multiple Dwelling Law § 50-a (3), which mandated installation of an "intercommunication system" designed to permit an apartment occupant to release, from the apartment, an automatic self-locking door giving public access to a building's main entrance hall or lobby. There is no dispute that because the parties' buildings were built pursuant to the Redevelopment Companies Law, Multiple Dwelling Law § 50-a (3) allowed defendant to recover from tenants the cost of providing such an intercom system, and that such charges were not to be deemed rent. Plaintiffs argue that the Rent Stabilization Law and Rent Stabilization Code, to which their buildings became subject in 1974, supplanting the Redevelopment Companies Law, do not authorize an "intercom" charge. Defendant concedes that the Rent Stabilization Law and Code apply, and argues it may thus charge tenant for a "communication and security system."

Rent Stabilization Code (RSC) (9 NYCRR) § 2520.6 (c)

excludes from the definition of "rent" "surcharges" authorized under RSC § 2522.10. RSC § 2522.10 permits surcharges, which are not considered part of the legal regulated rent or otherwise subject to RSC, where an owner acts as a provider of a "utility service," such as "telecommunications." Defendant shows, and plaintiffs do not dispute (we note plaintiffs' preanswer cross motion for summary judgment arguing that there are no issues of fact, only a "simple and compelling" issue of law), that the intercom system utilizes telephone lines and equipment owned by Verizon and that calls over the system are treated as local telephone calls. Visitors use a lobby telephone to dial a three-digit number that transmits a call to the visited tenant's private telephone, whose features, such as call waiting, are fully integrated with the system. The system can also be used to call the landlord's security office. Defendant receives varying monthly bills from Verizon for the service, and bills tenants a fixed charge of $6.50 per month pursuant to a tariff approved by the New York State Public Service Commission. All portions of the system for which tenants are charged are located outside their apartments.

Under RSC § 2520.6 (r) (3) (i) and (4) (xi), a landlord can separately charge for a security service that was being provided and separately charged on the base date, and where no common ownership between the landlord and the provider of the security existed on the base date or thereafter. There is no dispute that landlord provided this intercom system and separately charged for it on the 1974 base date.

We hold this intercom system, furnished and operated by a utility company and designed to screen visitor access to plaintiffs' buildings, is both a utility service within the meaning of RSC § 2522.10 and a security service within the meaning of RSC § 2520.6 (r) (3). We note *Matter of Lorne V. Griles* (DHCR Docket No. LB-410149-R [Jan. 29, 1998]) denying, without reasons, a similarly situated tenant's rent overcharge complaint challenging, inter alia, the same $6.50 monthly charge challenged herein. Concur—Andrias, J.P., Saxe, Marlow and Nardelli, JJ.